UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRINA SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:16-CV-3057-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 23. Attorney D. James Tree represents Terrina Sanders (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 20, 2012, alleging disability since February 20, 2012, due to fibromyalgia, insomnia, anxiety and depression. Tr. 247. The applications were denied initially and upon reconsideration. Administrative Law

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

Judge (ALJ) Virginia M. Robinson held a hearing on April 2, 2014, Tr. 39-76, and issued an unfavorable decision on October 31, 2014, Tr. 19-34. The Appeals Council denied Plaintiff's request for review on March 30, 2016. Tr. 1-6. The ALJ's October 2014 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 15, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on September 8, 1972, and was 39 years old on the alleged onset date, July 20, 2012. Tr. 202. Plaintiff completed high school as well as cosmetology school, Tr. 248, and has past relevant work as a restaurant server, kitchen helper, short order cook and cosmetologist. Tr. 32. At the administrative hearing, Plaintiff testified she left her job as a server at the Drift Inn after 12 years because she could no longer perform the work due to pain, weakness and fatigue. Tr. 45-46, 64. She stated she then attempted work as an in-home care provider but had to quit after about three months because of an inability to perform the job. Tr. 46. Witness Greg Stevenson testified at the administrative hearing that Plaintiff was his regular hairstylist, last cutting his hair a month and a half prior to the April 2014 hearing. Tr. 55. Plaintiff's "Disability Report" indicates she stopped working on June 1, 2012, because of her condition. Tr. 247.

Plaintiff testified she is in constant pain and experienced about 25 bad days per month where her pain level would be at an eight to a ten on a scale of one to ten. Tr. 46-47. She stated she spends approximately 80 percent of her time during the day lying down or reclining. Tr. 50-51.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec.*

*Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 31, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 20, 2012, the alleged onset date. Tr. 21. At step two, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia; depression, not otherwise specified (NOS); anxiety, NOS; and chronic pain syndrome with physiologic and psychological components. Tr. 22. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work, but with the following limitations: she could lift and carry 20 pounds occasionally and 10 pounds frequently; she could stand and/or walk for approximately six hours and sit for approximately six hours in an eight-hour workday with normal breaks; she could occasionally climb ramps or stairs but not climb ladders, ropes or scaffolds; she could perform work that is limited to frequent balancing; she could occasionally stoop, crouch or crawl and frequently handle and finger; and she could perform work that is limited to simple tasks consistent with unskilled work. Tr. 25-26.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a restaurant server informal, kitchen helper, short order cook and cosmetologist. Tr. 32. At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff was capable of making a successful adjustment to

other work that exists in significant numbers in the national economy, including the jobs of hand packager, bakery worker conveyor line, cashier II, telephone information clerk, escort vehicle driver and document preparer. Tr. 32-34. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 20, 2012, the alleged onset date, through the date of the ALJ's decision, October 31, 2014. Tr. 33-34.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider certain medical opinions regarding Plaintiff's capabilities for work; (2) discrediting Plaintiff's symptom testimony; and (3) improperly rejecting the opinions of lay witnesses.

## DISCUSSION

### A. Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred by failing to provide valid reasons for rejecting her subjective complaints. ECF No. 18 at 10-13. The Court agrees.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however,

Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. Tr. 26. The ALJ listed the following three reasons to discount Plaintiff's credibility: (1) objective medical findings were not fully consistent with the degree of alleged impairment; (2) Plaintiff was noncompliant with medical advice; and (3) the record reflected inconsistent statements by Plaintiff. Tr. 27-29. For the reasons discussed below, the Court finds the ALJ's rationale is not supported by substantial evidence. *See infra*.

### 1. Objective Medical Evidence

The ALJ first found that the objective medical findings were not fully consistent with the degree of impairment alleged by Plaintiff. Tr. 27. A lack of supporting objective medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

Here, the ALJ did not articulate how Plaintiff's pain complaints specifically conflicted with the objective medical findings of record. *See Lester*, 81 F.3d at 834. Instead, the ALJ merely outlined the medical reports of Mark Bauer, M.D., and Alan Greenwald, M.D., which primarily document Plaintiff's pain complaints and medication regimen. Tr. 27. In any event, as described below, even if this factor was supported by substantial evidence, it would impermissibly be the sole valid reason for finding Plaintiff less than fully credible in this case. *See Bunnell*, 347 F.2d at 345.

### 2. Non-Compliance with Medical Advice

The ALJ next determined the evidence of record reflected Plaintiff was noncompliant with medical advice to (1) avoid or reduce narcotics for fibromyalgia pain, (2) complete physical or pool therapy, and (3) quit smoking cigarettes. Tr. 27-28.

Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's

subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Here, the ALJ first evinced the report of Henry Kim, M.D, that Plaintiff failed to begin physical or pool therapy as recommended. Tr. 27. While it is true Plaintiff did not start recommended physical/pool therapy, Plaintiff indicated, and the ALJ acknowledged, Tr. 27, that Plaintiff reported she did not commence the therapy because she did not receive phone calls to set up the therapy sessions on two separate occasions, Tr. 421, 432.

The ALJ also noted Plaintiff failed to follow physician advice to avoid or reduce narcotics for her fibromyalgia pain. Tr. 27. However, as indicated by Plaintiff, ECF No. 18 at 13, at the locations in the record cited by the ALJ, Dr. Kim merely noted he "would not generally recommend chronic opioid therapy for fibromyalgia type pain," with no mention of a plan to taper Plaintiff off of narcotics, Tr. 331, 437; Dr. Greenwald stated only that he "would have her avoid narcotics" without suggesting a method of tapering, Tr. 386; and, while Dr. Bauer referenced discussing the reduction of Plaintiff's use of hydrocodone in January 2014, Tr. 400-401, it appears that reduction was accomplished by April 2014, *see* Tr. 486 ("Not-Taking/PRN Hydrocodone-Acetaminophen").

Finally, the ALJ noted Plaintiff's failure to reduce her one-pack per day consumption of cigarettes despite her doctors' recommendations to stop smoking. Tr. 27. The Court finds a claimant's failure to comply with a diagnosis to quit smoking is an unreliable basis on which to rest a credibility determination. *See e.g. Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000) ("Given the addictive nature of smoking, the failure to quit is as likely attributable to factors unrelated to the effect of smoking on a person's health."). Even though Plaintiff's smoking may have contributed to her symptoms, the fact that she did not quit as recommended by her doctors does not undermine her credibility. The failure to quit smoking is not a clear and convincing reason to discount Plaintiff's credibility.

### 3. Inconsistencies

The ALJ also noted alleged inconsistencies between the evidence of record and Plaintiff's statements. Tr. 28-29.

In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When a claimant fails to be a reliable historian, "this lack of candor carries over" to other portions of his or her testimony. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ devoted a significant portion of her credibility analysis to challenging Plaintiff's allegedly inconsistent statements regarding her weight gain or loss. Tr. 28. However, as argued by Plaintiff, ECF No. 18 at 14, regardless of whether Plaintiff was entirely accurate on the exact amount of weight she gained or lost between October 2011 and December 2014, the record reflects her weight certainly varied during this timeframe. The Court finds any minor discrepancy by Plaintiff in estimating her weight loss or gain is not a specific, clear and convincing reason to discount her credibility.

The ALJ next cites Plaintiff's reported activities throughout the record as inconsistent with her testimony that she spends eighty percent of her day lying down or reclining. Tr. 28-29. The ALJ indicated Plaintiff's reports that she was able to care for her son, cook, clean, water plants, wash laundry and dishes, help her sons with homework, go outside, drive a car, go grocery shopping, pay bills, take her sons to sporting practices, and attend her sons' games were inconsistent with her testimony. Tr. 28-29. The Ninth Circuit has held that one does not need to be "utterly incapacitated" to be disabled. *Fair*, 885 F.2d at 603 ("claimant's ability to engage in activities that were sporadic and punctuated with rest, such as housework, occasional weekend trips, and some exercise, do not support a finding

that he can engage in regular work activities"). In any event, Plaintiff specifically testified she is barely able to do the small things that need to be done: making sure her sons are taken care of, attend school, do homework and eat appropriately. Tr. 50. She stated she will mostly lie down or recline during the day, but will attempt "to get up and get small things done, laundry and dishes, just a little bit here and there." Tr. 50. Plaintiff indicated that with respect to household chores, she will often need to sit down and rest before finishing what she started. Tr. 50-51. She also stated she liked to watch her son practice and play sports, but no longer attended practices and would also miss some of his games. Tr. 49. The Court finds Plaintiff's hearing testimony does not conflict with the list of activities identified by the ALJ.

The ALJ next indicated Plaintiff's report to the SSA that she has great difficulty with sleep and cannot get to sleep without medication was contradicted by her sleep study which showed she was asleep within eighteen minutes of starting the study. Tr. 29. However, the report specifies that Plaintiff was in fact premedicated for the sleep study, and the results of the sleep study revealed unspecified sleep disturbance and chronic insomnia. Tr. 489-490. Accordingly, contrary to the ALJ's determination, Plaintiff's report to the SSA of sleep difficulties and inability to get to sleep without medication was not contradicted by the results of the sleep study. This was not a specific, clear and convincing reason to discount her credibility.

Finally, the ALJ noted Plaintiff reported to a heart specialist in November 2013 that her Holter monitor test results showed an "average heart rate" of 96 to 117, but the actual test results showed an average heart rate of 87. Tr. 29. Plaintiff informed Dr. Bauer in November 2013 that she had previously had a Holter monitor test "which was normal except for that she has an average heart rate from 96 to 117." Tr. 334. While the August 2012 Holter test results revealed an actual average heart rate of 87, the report reflects the lowest rate was 60, the maximum

rate was 129, and Plaintiff's complaints of "felt heart pounding" were associated with rates of 91 to 97. Tr. 314. At most, Plaintiff's report to Dr. Bauer is a minor discrepancy. It is not a clear and convincing reason to discredit Plaintiff.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). This Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. However, based on the foregoing, the Court concludes that the rationale provided by the ALJ for discrediting Plaintiff is not clear and convincing. The Court thus finds a remand for a proper determination regarding Plaintiff's alleged symptoms is necessary in this case.[1]

**B.     Lay Witnesses**

Plaintiff contends the ALJ further erred by improperly rejecting the lay witness testimony of Greg Stevenson, Plaintiff's former customer and current friend; Kim Stewart, Plaintiff's former co-worker and current friend; and Judy Schuster, Plaintiff's mother, Tr. 51-61. ECF No. 18 at 16-18.

The ALJ shall "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d

---

[1]On March 16, 2016, S.S.R. 16-3p became effective, eliminating the term "credibility" from the Social Security Administration's policy, and clarifying "adjudicators will not assess an individual's overall character or truthfulness." S.S.R. 16-3p, 2016 WL 1119029 at *1, 10. Accordingly, on remand, the ALJ should address S.S.R. 16-3p as part of the review regarding Plaintiff's alleged symptoms.

1226, 1232 (9th Cir. 1987), citing 20 C.F.R. § 404.1513(e)(2). "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." *Sprague*, 812 F.2d at 1232. The ALJ may not ignore or improperly reject the probative testimony of a lay witness without giving reasons that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ indicated that all three lay witnesses appeared motivated by a sincere desire to help Plaintiff. Tr. 31. An ALJ may consider a lay witness's "close relationship" with a claimant, and a possibility that the lay witness is "influenced by her desire to help." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). The ALJ then found that the lay witnesses' testimony was not fully consistent with Plaintiff's actual functioning and was based, at least in part, on Plaintiff's non-credible self-reported symptoms and limitations. Tr. 31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (inconsistency with medical evidence is a germane reason for rejecting the testimony of a lay witness). The ALJ also determined Ms. Shuster's testimony that Plaintiff was unable to clean her house conflicted with Plaintiff's reported ability to perform household duties. Tr. 31.

The ALJ's notation that the three lay witnesses appeared motived to help Plaintiff was not asserted by the ALJ as a reason to reject their testimony, but rather as support for the conclusion that their testimony was "consistent with Plaintiff's subjective pain complaints" and supported the assertion that "Plaintiff has a reputation of being a good worker." Tr. 31. This portion of the ALJ's decision discussed the positive aspects of the lay witnesses' testimony. Then, the ALJ began an entirely separate paragraph with stated reasons to reject the testimony of the lay witnesses.

///

///

With regard to the ALJ's rationale to discredit the testimony of the lay witnesses, the ALJ does not specify how their testimony differs from any particular medical record of Plaintiff's "actual functioning." Tr. 31. Moreover, because the ALJ's determination that Plaintiff is not entirely credible is not supported by substantial evidence, as discussed in Section A above, the stated reason to discredit the lay witnesses' opinions because they are based in part on Plaintiff's self-reports is not valid. With the exception of the accurately noted contrast between Ms. Shuster's testimony and Plaintiff's reported ability to maintain her house, the Court finds the rationale provided by the ALJ for accordingly little weight to the testimony of the lay witnesses is insufficient. On remand, the ALJ shall reconsider the testimony of Greg Stevenson, Kim Stewart, and Judy Schuster when assessing the evidence of record.

**C. Medical Evidence**

Plaintiff additionally contends the ALJ erred by failing to properly consider the medical opinions of Michelle Zipperman, Ph.D., and Leslie Schneider, Ph.D, and instead giving weight to reviewing medical professionals of record. ECF No. 18 at 6-12.

**1. Michelle Zipperman, Ph.D.**

The ALJ accorded Dr. Zipperman's report "great weight," finding her opinions demonstrated Plaintiff was able to complete a normal workday or workweek and deal with the usual stress encountered in the workplace without excessive interruptions from a psychiatric condition. Tr. 30. However, a review of Dr. Zipperman's report reveals she found Plaintiff's abilities to perform simple, repetitive tasks; maintain attention and concentration; accept instructions from supervisors; interact with coworkers and the public; perform simplistic work activities on a consistent basis; perform work at a sufficient pace; and maintain regular attendance were "fair" and her ability to complete a workday/workweek

///

without interruptions from a psychiatric condition and deal with the usual stress encountered in the workplace was "limited to fair." Tr. 320-321.

Plaintiff, citing a Tenth Circuit decision,[2] argues a finding of "fair" ability equates to a "marked" or "serious" limitation. ECF No. 18 at 7. Defendant makes an assertion, without support, that Dr. Zipperman clearly did not intend to assess "serious" or "marked" mental limitations. ECF No. 23 at 14.

Although the Ninth Circuit has not yet opined on this issue, in an unpublished case, *Chang v. Commissioner of Social Security Administration*, 507 Fed. Appx. 698, 699 (9th Cir. 2013), the Ninth Circuit held that an ALJ "did not err in concluding that when [an examining physician] used the word 'fair' to describe [the claimant's] abilities in a particular area, he implied no disabling impairment in that area." *Id.* (citing *Cantrell v. Apfel*, 231 F.3d 1105, 1107-1108 (8th Cir. 2000). In any event, because it was not entirely clear what Dr. Zipperman meant by "fair" or "limited to fair," the ALJ had a duty to develop the record to ensure Plaintiff's interests were fully and fairly considered. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (The ALJ must scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts, being especially diligent to ensure favorable as well as unfavorable facts are elicited.). The ALJ erred by failing to make inquiry of Dr. Zipperman concerning her definition of "fair" and "limited to fair." On remand, the ALJ shall elicit information from Dr. Zipperman regarding her meaning of "fair" and "limited to fair" as it pertains to Plaintiff's functioning and thereafter reassess Dr. Zipperman's report.

---

[2]*Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 618 (10th Cir. 1995) (Defining "fair" ability as "seriously limited but not precluded" and concluding that "seriously limited but not precluded" is essentially the same as the listing requirements' definition of the term "marked").

### 2. Leslie Schneider, Ph.D.

The ALJ gave "little weight" to the opinion of Dr. Schneider. Tr. 30-31.

In April 2014, Dr. Schneider examined Plaintiff and opined that she was not employable and would not be able to maintain any kind of regular schedule, even part time. Tr. 403-408.

In light of the ALJ's unsupported rejection of Plaintiff's subjective complaints, erroneous determinations with respect to the testimony of the lay witnesses, and failure to develop the record regarding Dr. Zipperman's report, this matter must be remanded for additional proceedings. On remand, the ALJ shall additionally reassess the medical opinions of Dr. Schneider, as well as all other medical evidence of record relevant to Plaintiff's claim for disability benefits.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reassess Plaintiff's alleged symptoms and the testimony of lay witnesses Greg Stevenson, Kim Stewart, and Judy Schuster. The ALJ shall develop the record further by eliciting information from Dr. Zipperman regarding her definition of "fair" and "limited to fair" as it pertains to Plaintiff's functioning abilities. The ALJ shall reconsider Dr. Zipperman's report, the medical opinions of Dr. Schneider, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. If warranted, the ALJ shall direct Plaintiff to undergo a new consultative psychological examination and/or

elicit the testimony of a medical expert at a new administrative hearing to assist the ALJ in formulating a new RFC determination. The ALJ shall obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED, in part**.

2. Defendant's Motion for Summary Judgment, **ECF No. 23**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED August 15, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 15